**Raymond Andrei EMAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–75454.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 3, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Russell J.E. Verby, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, D.C., for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provid-

MEMORANDUM **

Raymond Andrei Eman, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his applications for cancellation of removal, asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence. *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006). We dismiss in part and deny in part the petition for review.

■■■ We lack jurisdiction to review the BIA's discretionary determination that Eman failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 929–30 (9th Cir.2005). Moreover, Eman's contention that the BIA violated his due process rights by disregarding his evidence of hardship is not supported by the record and does not amount to a colorable constitutional claim. *See id.* at 930.

The BIA denied Eman's asylum application claim as time barred. Eman does not challenge this finding in his opening brief.

■■■ Substantial evidence supports the BIA's conclusion that Eman did not establish a clear probability that he would be persecuted if returned to Indonesia. *Hoxha v. Ashcroft,* 319 F.3d 1179, 1185 (9th Cir.2003). Further, the record does not compel the conclusion that the religious strife in Indonesia amounts to a pattern or practice of persecution against Christian Indonesians. *See Lolong v. Gonzales,* 484 F.3d 1173, 1180–81 (9th Cir. 2007) (en banc).

ed by 9th Cir. R. 36–3.

■ Substantial evidence also supports the agency's conclusion that Eman did not establish it is more likely than not that he will be tortured if returned to Indonesia. *See Hasan v. Ashcroft,* 380 F.3d 1114, 1122 (9th Cir.2004).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. Petr. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.